Joe ARREDONDO, III, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 04–3047.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 7, 2004.

Before MAYER, Chief Judge, RADER,
and SCHALL, Circuit Judges.

DECISION

PER CURIAM.

Joe Arredondo, III, petitions for review
of the final decision of the Merit Systems

Protection Board ("Board") that sustained the action of the United States Postal Service ("agency") removing him from the position of Tractor Trailer Operator, effective June 20, 2001. *Arredondo v. United States Postal Serv.*, No. DA–0752–01–0550–I–2, 95 M.S.P.R. 293 (Sept. 11, 2003) (*"Final Decision"*). We *affirm*.

## DISCUSSION

### I.

The agency removed Mr. Arredondo from his position based upon three charges: unsatisfactory performance; being absent without leave; and improper conduct. In reference to the charge of unsatisfactory performance, the notice of proposed removal stated that Mr. Arredondo had (1) failed to follow the instructions of his supervisors to pick up empty equipment on March 21, 2001, April 5, 2001, and April 6, 2001; (2) failed to clock in and out at his scheduled bid hours of 12:15 a.m. to 8:45 a.m., instead clocking in and out 15 minutes early; and (3) refused to read and initial a document titled "Unsafe Loading & Restraining Procedures," after being instructed to do so by his supervisor, Joe Munoz.

In reference to the charge of being absent without leave, the notice of proposed removal stated that on April 18, 2001, at approximately 2:55 a.m., Munoz instructed Mr. Arredondo to report to his office for a pre-disciplinary interview at 4:30 a.m. However, instead of showing up as instructed, Mr. Arredondo submitted a 3971 sick leave form at 3:40 a.m., claiming that he was sick and needed to go home. The removal notice stated that Munoz twice instructed Mr. Arredondo to see the on-duty nurse and report back to his office, but that Mr. Arredondo ignored these instructions, clocked off duty, and left the area.

In reference to the charge of improper conduct, the notice of proposed removal stated that on April 19, 2001, Mr. Arredondo requested a copy of his April 18, 2001 sick leave form. Munoz denied the request pending submission of medical evidence to support the absence. Once again, on April 20, 2001, Mr. Arredondo requested a copy of his April 18, 2001 sick leave form. This time, when Munoz notified him that he had to submit sufficient medical documentation before receiving a copy, Mr. Arredondo stated in a loud voice "You wanna see documentation?" and walked around the desk to where Munoz was seated and began to unzip his pants. Munoz instructed Mr. Arredondo to leave the office and called the Postal Inspection Service for assistance.

After considering Mr. Arredondo's response to the notice of proposed removal, the agency's deciding official removed Mr. Arredondo from his position. Mr. Arredondo appealed his removal to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned sustained the agency's action. *Arredondo v. United States Postal Serv.*, No. DA–0752–01–0550–I–2 (Jul. 31, 2002) (*"Initial Decision"*). The *Initial Decision* became the final decision of the Board on September 11, 2003, after the Board denied Mr. Arredondo's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). *Final Decision.* This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained with-

out procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

■ Mr. Arredondo's first argument on appeal is that the Board's determination that the agency established the charges against him by a preponderance of the evidence, *see* 5 C.F.R. § 1201.56(a)(1)(ii) (2004), is not supported by substantial evidence. We disagree.

Mr. Arredondo argues that the AJ mischaracterized and ignored crucial witness testimony. We do not agree. The AJ simply found the testimony of the agency's witnesses to be more credible than Mr. Arredondo's testimony and to be consistent with the evidence of record. "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed.Cir.1994) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 199, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Moreover, findings as to witness credibility are "virtually unreviewable" and are within the discretion of the AJ. *Hathaway v. Merit Sys. Prot. Bd.*, 981 F.2d 1237, 1242 (Fed.Cir.1992). Mr. Arredondo has not established a sufficient basis for overturning the AJ's credibility determinations, because he has not demonstrated that the witness testimony relied upon by the AJ was "inherently improbable or discredited by undisputed evidence or physical fact." *Hanratty v. DOT*, 819 F.2d 286, 288 (Fed. Cir.1987).

■ Mr. Arredondo's second argument on appeal is that the Board erred in holding that he had failed to establish his affirmative defense of retaliation. To make out a prima facie case of retaliation, a petitioner must show that "(1) a protected disclosure was made, (2) the accused official knew of the disclosure, (3) retaliation resulted, and (4) there was a genuine nexus between the retaliation and petitioner's removal." *Hagmeyer v. Dep't of Treasury*, 757 F.2d 1281, 1284 (Fed.Cir.1985).

The AJ concluded that Mr. Arredondo failed to establish a prima facie case of retaliation because: (1) the evidence of record supported the agency's charges; (2) Mr. Arredondo failed to specifically identify the officials who allegedly retaliated against him as a result of the protected activity; and (3) the record did not reflect that any grievances and/or EEO complaints filed by Mr. Arredondo involved the deciding official, Leroy Smith, or that he had a reason to retaliate against Mr. Arredondo as a result of them.

In support of his affirmative defense of retaliation, Mr. Arredondo points to the alleged retaliatory motive of his supervisor, Joe Munoz, and argues that Munoz related biased information to the deciding official. However, "[r]etaliatory motive does not, ipso facto require a finding of causation." *Webster v. Dep't of Army*, 911 F.2d 679, 690 (Fed.Cir.1990). As the AJ noted, there was no evidence that the deciding official himself had any reason to retaliate against Arredondo. Moreover, the record supports the finding that the agency removed Arredondo based on the cited charges. Therefore, the Board correctly found that Mr. Arredondo failed to establish reprisal.

Mr. Arredondo's final argument on appeal is that the Board erred in affirming the agency's imposition of the penalty of removal. Mr. Arredondo argues (1) that the agency failed to establish that his removal would promote the efficiency of the service; (2) that the *Douglas* factors were

improperly applied; and (3) that the penalty of removal was unreasonable. We address these contentions in turn.

 First, Mr. Arredondo argues that the agency failed to demonstrate that his removal would promote the efficiency of the service because the deciding official did not adequately investigate whether or not the charges against Mr. Arredondo were well-founded. However, as explained above, the AJ had before him substantial evidence to sustain the charges. In addition, the AJ properly found the requisite nexus between Mr. Arredondo's misconduct and his job responsibilities. The AJ noted the deciding official's testimony that failure on the part of an employee to follow his supervisor's instructions could result in a breakdown in authority and a hazardous workplace, as well as testimony that failure to maintain a regular work schedule could result in an inability to complete efficiently all assigned tasks.

Second, Mr. Arredondo argues that the Board failed to balance the *Douglas* factors properly. Specifically, he contends that the Board failed to consider evidence that he was not on "clear notice" that his conduct could lead to an adverse action as well as evidence that the penalty imposed on him was not consistent with discipline imposed on other employees for the same or similar offenses. However, the AJ found that the agency properly considered the *Douglas* factors in reaching its decision; we see no reason to rule otherwise.

Finally, Mr. Arredondo argues that the penalty of removal was unreasonable and disproportionate to the alleged offense. However, in light of the conduct with which Mr. Arredondo was charged and the findings of the Board, we cannot say that the agency abused its broad discretion in selecting the penalty of removal.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.