NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3155

KENNETH J. ALLEY,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

_____

DECIDED:  July 13, 2006

_____

Before RADER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Kenneth J. Alley petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the Department of Energy's (the "agency" or "DOE") removal of Mr. Alley.  Because the Board's decision is supported by substantial evidence, we <u>affirm</u>.

BACKGROUND

Mr. Alley began his job as a lineman at the DOE in 1986 and during the course of his employment filed several claims with the Office of Workers Compensation Programs

("OWCP").[1]  After an incident in 2002, Mr. Alley sought medical treatment on several occasions from, inter alia, the Mayo Clinic.  As part of his treatment, Mr. Alley was placed on various work-related restrictions which prevented him from performing the normal duties of a lineman.

In 2004, the DOE initiated a fitness-for-duty ("FFD") evaluation of Mr. Alley.  After examining Mr. Alley, Dr. Ross, the agency's occupational medicine doctor, issued a 19-page report on July 24, 2004 in which he concluded that Mr. Alley was not fit for duty, and that the essential tasks required of linemen exceed the permanent work-related restrictions that had been placed on Mr. Alley.[2]  The DOE issued a Proposal for Removal on September 13, 2004, followed thereafter by a decision to remove him.  Mr. Alley retired on December 16, 2004, under protest.

Mr. Alley appealed his removal to the Board.  In an initial decision, the administrative judge affirmed the agency's decision to remove Mr. Alley.  Alley v. Dep't of Energy, DE0752050109-I-1 (M.S.P.B. Aug. 2, 2005).  Mr. Alley filed a petition for review with the full Board.  The administrative judge's initial decision became the final decision of the Board when the full Board denied the petition for review.  Alley v. Dep't of Energy, DE0752050109-I-1 (M.S.P.B. Nov. 29, 2005).  Mr. Alley timely appealed to

---

[1]  Relevant to his appeal, Mr. Alley filed a claim in 2002 complaining of pain in his neck and arms after a pole "bounced" while he was guiding it and sought medical treatment for neck pain, numbness, and other problems relating to balance and light-headedness.  On March 29, 2004, Mr. Alley filed another OWCP claim, asserting that certain lineman tasks requiring him to extend his neck caused him pain. OWCP denied both claims.

[2]  The permanent work-related restrictions included (1) avoiding repetitive bending and twisting of the neck, (2) not lifting over thirty pounds without assistance, (3) avoiding prolonged work overhead, and (4) avoiding prolonged upward gazing.

this court.  We have jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute.  This court reviews the record and holds unlawful any "agency action, findings, or conclusions" found to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence;

5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).  In a case where an appellant challenges the Board's determination with respect to factual findings our review is limited to a determination of "whether the administrative determination is supported by substantial evidence on the record as a whole."  Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed. Cir. 1987).  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Dickey v. Office of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In his pro se appeal, Mr. Alley asserts that the administrative judge erred because the agency has not demonstrated by a preponderance of the evidence that he was physically unable to perform the duties of a lineman.  Specifically, Mr. Alley first argues that the administrative judge erred in finding that, once the initial restrictions were lifted, he continued to be a danger to himself or others pointing to the nearly four

month period where the agency permitted him to perform non-lineman duties, including operating agency equipment.

The administrative judge recognized that while some of the restrictions had been lifted, Dr. Ross had made other restrictions permanent thereby precluding Mr. Alley from performing the usual duties of a lineman. Because Mr. Alley was not performing the arduous duties of a lineman during the four month period to which he refers, the agency's decision to permit him to do other work is not dispositive on the issue of whether Mr. Alley's medical condition has a high probability of resulting in injury to himself or others upon resumption of his lineman duties. The administrative judge determined, based on Dr. Ross's "especially persuasive" medical opinion, that the improvements in Mr. Alley's medical condition were precisely related to his not working as a lineman during that time period, and that if Mr. Alley resumed the duties of a lineman it would aggravate his serious medical conditions. Therefore, the administrative judge's conclusion that Mr. Alley's medical condition has a high probability of resulting in injury to himself or others is supported by substantial evidence.

Second, Mr. Alley asserts that the administrative judge erred by giving too much weight to Dr. Ross's medical opinion to the exclusion of the medical evidence presented by Mr. Alley and that there is no other medical support in the record for Dr. Ross's conclusion that resuming his lineman position would further aggravate his medical conditions.

As the agency correctly states in its informal brief, Dr. Ross's medical opinion was confirmed by the reports of many of the other doctors who treated Mr. Alley, and the administrative judge similarly noted that "there is far more support for the medical

findings and conclusions of Dr. Ross than there is disagreement with them." Further, Mr. Alley's only testifying medical witness, Dr. Goodman, confirmed that he would defer to Dr. Ross's opinion with respect to whether Mr. Alley should remain under the work-related restrictions. Thus, it was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" for the administrative judge to place greater weight on Dr. Ross's medical opinion, in light of the commonalities between Dr. Ross's opinion and the other medical opinions, and Dr. Goodman's testimony that he would defer to Dr. Ross.

Third, Mr. Alley asserts that the administrative judge based his decision on an erroneous understanding of Mr. Alley's history of blackouts and that because he did not experience any blackouts from March 2003 to 2004 (before any work-related restrictions were placed on him), this proves that the restrictions were not the cause of his improved condition. Mr. Alley also contends that the administrative judge erroneously found that his explanation for the visual blackouts lacked credibility.

Mr. Alley's assertions that his blackouts would not recur and that therefore he is no longer a risk to himself or others, does not address the medical evidence pertaining to his neck condition, which formed part of the basis for the administrative judge's decision. Furthermore, it is within the administrative judge's discretion to determine the credibility of testifying witnesses, Griessenauer v. Dep't of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985), and those determinations are virtually unreviewable, Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Because the administrative judge's decision is clearly based on his observations of the evidence presented and the testimony of the witnesses, including Mr. Alley and Dr. Ross, and because Mr. Alley has

not shown that the administrative judge's credibility determinations were "inherently improbable or discredited by undisputed evidence or physical fact," <u>Hanratty v. Dep't of Transp.</u>, 819 F.2d 286, 288 (Fed. Cir. 1987) (citation omitted), we have no basis for "substitu[ing] a contrary credibility determination based upon a cold paper record[,]" <u>DeSarno v. Dep't of Commerce</u>, 761 F.2d 657, 661 (Fed. Cir. 1985).

Accordingly, because the Board's decision is supported by substantial evidence, we affirm.

No costs.