**Francis J. HANRATTY, III, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

**Appeal No. 87–3054.**

United States Court of Appeals, Federal Circuit.

May 27, 1987.

Francis J. Hanratty, III, pro se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and Michael T. Paul, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.

PER CURIAM.

Francis J. Hanratty, III (Hanratty) appeals a decision of the Merit Systems Protection Board (board), Docket No. NY07528410006–1, sustaining his removal by the Department of Transportation, for unsatisfactory training progress. We affirm.

## BACKGROUND

Hanratty began work as an Air Traffic Control Specialist for the agency on November 15, 1981. The agency removed Hanratty on October 3, 1983, because of unsatisfactory training progress. In an initial decision dated January 24, 1984, a presiding official of the board affirmed the agency's action. The full board denied review, 21 M.S.P.R. 665. Hanratty appealed to this court, which vacated and remanded on December 26, 1985. *Hanratty v. Federal Aviation Admin.*, 780 F.2d 33 (Fed.Cir. 1985). A different presiding official of the board conducted a remand hearing on

March 25, 1986, sustaining the agency's action in an initial decision dated April 21, 1986. The full board denied review on August 11, 1986, 31 M.S.P.R. 546, and Hanratty appeals once again to this court.

## ISSUES

(1) Whether the board or the agency committed harmful error in effecting Hanratty's removal.

(2) Whether the board's decision is supported by substantial evidence.

## OPINION

### I. *Harmful Error*

■ Contrary to Hanratty's contention, the board properly interpreted the scope of our remand. We said that, on remand, the agency should be given the opportunity to show that the procedures and action which had been taken conformed to the requirements of Chapter 75 of Title 5, United States Code, and that Hanratty "should be free to present whatever defenses he may have in a properly conducted Chapter 75 proceeding." 780 F.2d at 35–36. The board allowed Hanratty to present his Chapter 75 defenses and did not err in adopting the findings of the first initial decision "with respect to [Hanratty's] training failure and the specific inadequacies cited in his Letter of Proposed Removal."

■ Hanratty has not shown that the agency committed harmful procedural error in effecting his removal. Even if, as Hanratty asserts, the agency violated its own regulations by issuing his 70% progress report two weeks late, Hanratty has not shown how that error substantially prejudiced his rights by possibly affecting the agency's decision. *Cornelius v. Nutt*, 472 U.S. 648, 661, 105 S.Ct. 2882, 2890, 86 L.Ed.2d 515 (1985); *Smith v. United States Postal Serv.*, 789 F.2d 1540, 1545–46 (Fed.Cir.1986).

■ Nor has Hanratty shown that the agency's destruction of training files and tapes substantially prejudiced his rights. If, as Hanratty asserts, the training history of other employees would have aided his defense, he was free to call those employees as witnesses. He elected not to do so, however.

### II. *Substantial Evidence*

■ Hanratty claims that the agency did not properly train him, and that the agency treated him disparately from other trainees. The presiding official found otherwise. Hanratty says those findings are wrong because the presiding official erroneously relied on the testimony of Richard Smith and William Boettcher, Hanratty's supervisors. Hanratty argues that the record contradicts their testimony, thus they were not credible witnesses. Hanratty has failed to establish, however, that their testimony was "inherently improbable or discredited by undisputed evidence or physical fact," *Hagmeyer v. Department of the Treasury*, 757 F.2d 1281, 1284 (Fed. Cir.1985). Accordingly, we have no reason for overturning the credibility determinations of the presiding officials who heard the witnesses at the hearings and saw their demeanor. *Griessenauer v. Department of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985); *see also Hambsch v. Department of the Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986).

■ We conclude, therefore, that substantial evidence supports the board's determinations that there was nothing improper in the agency's effort to train Hanratty, that the agency did not treat Hanratty unequally, and that the employees whom the agency treated differently from Hanratty were differently situated.

## CONCLUSION

■ Contrary to Hanratty's argument, this court has no authority to review the facts de novo. We affirm the board's decision because we do not find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982); *see Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

AFFIRMED.