59 F.3d 181
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Vincent G. ROGERS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-304.
 United States Court of Appeals, Federal Circuit.
 March 14, 1995.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The petitioner seeks review of the decision of the Merit Systems Protection Board (MSPB or Board), in Docket No. NY-0752-93-0238-B-1, which found that in a last chance settlement agreement, he had validly waived his right of appeal to the MSPB and had not borne his burden of proving that he did not violate the terms of the agreement. Accordingly, his appeal was dismissed on the grounds that the MSPB had no jurisdiction of the removal action of May 8, 1993, in which the Postal Service discharged petitioner from the position he formerly held as Mailhandler at the General Mail Facility in Brooklyn, New York. The June 7, 1994 decision of the Administrative Judge became the final decision of the Board on September 15, 1994, when the Board denied Mr. Roger's petition for review. We affirm the decision of the MSPB.
 
 DISCUSSION
 I.
 
 2
 On August 9, 1991 a letter of decision was issued removing Mr. Rogers from his position on the ground that he had reported for duty under the apparent influence of an intoxicant. On October 17, 1991, Mr. Rogers and the Postal Service entered into a last chance settlement agreement wherein they agreed that the removal was just and proper; that the removal would be held in abeyance for eighteen months, and that he would be removed with no rights of appeal if he did not remain drug and alcohol free during the eighteen month period. On April 20, 1992, Mr. Rogers was issued another notice of removal for violating the October 17, 1991 settlement agreement, because he reported for duty under the apparent influence of an intoxicant.
 
 
 3
 On June 17, 1992, the parties entered into another settlement agreement containing substantially the same terms as the October 17, 1991 agreement. On February 26, 1993, a notice of proposed removal was issued to Mr. Rogers for violating the settlement agreement by reporting for duty on February 23, 1993 under the influence of an intoxicant. Mr. Rogers appealed his removal to the MSPB and a hearing was held on January 28 and March 11, 1994. The sole issue was whether or not Mr. Rogers had violated the settlement agreement of June 17, 1992.
 
 II.
 
 4
 Mr. Roger's primary contention in this appeal is that the Administrative Judge erred in his factual determination that the petitioner was intoxicated on February 23, 1993 and had thereby violated the terms of the settlement agreement. On that principal factual issue, there was a direct conflict between the testimony of Mr. Rogers and the testimony of four of his supervisors. The supervisors testified in detail regarding his intoxication as shown by his actions and appearance. Mr. Rogers testified that on February 23, 1993, he was taking medication which made him feel sleepy and lightheaded, and accounted for his uncoordinated motions and other symptoms of intoxication. This is a typical case for the application of the rule frequently announced by this court that we will not disturb the credibility determinations of the Administrative Judge unless it is established that the testimony relied upon by him was inherently improbable, discredited by undisputed evidence, or contrary to physical facts. See Hanratty v. Department of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985). Mr. Rogers has failed to make that showing in this case.
 
 
 5
 Mr. Rogers also attacks the findings of the Administrative Judge by referring to certain evidence which he says was produced at the hearing but which does not appear in the record before us. Rule 10(b) Fed. R. App. P. requires the appellant to provide the court with a transcript of the evidence if he wishes to rely on any part of the record of the hearing. See Gonzales v. Defense Logistics Agency, 772 F.2d 887, 891 (Fed. Cir. 1985). Mr. Rogers' failure to submit the transcript provides another reason for our rejection of his challenge to the findings of the Administrative Judge.
 
 III.
 
 6
 In his brief, Mr. Rogers asserts that the agency's refusal to give him a drug and alcohol test on February 23, 1993 before concluding that he was intoxicated, violated the terms of the settlement agreement and also denied him due process. However, as the Administrative Judge correctly found, the settlement agreement did not give Mr. Rogers an absolute right to a drug and alcohol test. Instead, the language of the agreement makes it clear that the option to test Mr. Rogers remained with the agency "as deemed necessary." In addition, Mr. Rogers' attorney stipulated at the hearing that urine tests are not useful for alcohol screening, but are utilized for drug testing. Accordingly we find that there was no violation of Mr. Roger's rights of due process.
 
 IV.
 
 7
 Mr. Rogers also argues that the Administrative Judge erred by denying his motion in limine to compel the Postal Service to produce its records of random alcoholic tests which had been administered in the past by the Postal Service. He contends that the requested documents would show that the previous tests were negative and that this would be relevant to the issue of whether he was intoxicated on February 23, 1993.
 
 
 8
 In his brief, counsel for the respondent states that he is unable to locate the motion in limine referred to by Mr. Rogers and therefore cannot respond to the allegation that the Administrative Judge erred in denying the motion. However, we shall assume that the motion was filed as contended by Mr. Rogers and hold nevertheless that the denial of the motion did not constitute a prejudicial error which requires a reversal of the decision. The granting or denial of a motion for discovery is a matter that falls within the sound discretion of the trial judge and his ruling will not be disturbed in absence of a clear showing that the discretion was abused and was harmful. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed. Cir. 1988). We find no abuse of discretion in this instance, because we are persuaded that the results of previous tests would have very little, if any, probative value on the issue of whether Mr. Rogers was intoxicated on February 23, 1993. Even if there was an abuse of discretion, Mr. Rogers must prove that the error caused substantial prejudice to his rights which would have affected the outcome of the case. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985). We conclude that Mr. Rogers has not demonstrated that the Administrative Judge abused his discretion, nor carried the heavy burden of showing that the alleged procedural error was harmful and would have changed the outcome of his case.
 
 V.
 
 9
 The settlement agreement provided that if Mr. Rogers was not drug and alcohol free during the stated eighteen month period of probation, he would be removed from the service with no further rights of appeal. The agreement further stated that the charges in the notice of proposed removal dated June 17, 1992 were "affirmed as just and proper." Having first determined that Mr. Rogers had not borne the burden of proving that he did not violate the terms of the settlement agreement, the Administrative Judge correctly concluded that the waiver of his appeal right was comprehensive, freely made, and without evidence of duress or bad faith. The trial judge noted that Mr. Rogers was represented by an attorney throughout the proceeding. Accordingly, we agree with the Administrative Judge's conclusion that Mr. Rogers validly waived his right of appeal to the Board, and that the MSPB had no jurisdiction of the removal action. See McCall v. United States Postal Serv., 839 F.2d 664 (Fed. Cir. 1988).
 
 
 10
 Finally, we emphasize that our scope of review of the appeal from an MSPB decision is limited by the provisions of 5 U.S.C. Sec. 7703(c). Because Mr. Rogers has failed to establish that the Board's decision should be set aside on any of the grounds provided for in that statute, we affirm its decision.