91 F.3d 171
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael E. COLLINS, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3139.
 United States Court of Appeals, Federal Circuit.
 June 26, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ARCHER, Chief Judge.
 
 
 1
 Michael E. Collins (Collins) petitions for review of the final decision of the Merit Systems Protection Board (MSPB or board), Docket No. DE-0752-95-0290-I-1, sustaining his demotion for conduct unbecoming a Federal employee. We affirm.
 
 BACKGROUND
 
 2
 Collins was employed by the Directorate of Information Management at Fort Riley, Kansas as a GS-11 computer specialist. After almost thirteen years of employment, Collins was assigned to work in the same office as a female colleague with whom he had a previous romantic relationship. Sometime following this assignment, the two renewed the relationship. After she expressed her desire to end the relationship, however, Collins confronted her in an empty building. A heated exchange ensued, and Collins forcibly took her by the arms and placed her on a table. He then held her there for a period of time while the two argued. This event led to a charge of sexual battery being filed against Collins, for which he obtained deferred prosecution under an agreement for pretrial diversion. The event, as well as the charge of sexual battery, also led the agency to propose his removal. Following a meeting with Collins and his representative, the agency decided based on the Douglas factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303-08 (1981), that a demotion would be a more appropriate sanction. Accordingly, Collins was demoted from a GS-11 computer specialist ($39,135 per annum) to a WG-11 electronic mechanic ($31,952 per annum).
 
 
 3
 Collins appealed the demotion to the MSPB. The Administrative Judge (AJ) concluded that, because Collins had not denied the substance of the charges against him regarding the unwanted touching of the female colleague, his actions warranted the penalty of demotion. The initial decision was not appealed to the full board and thus became the final decision of the MSPB.
 
 DECISION
 
 4
 We must affirm a decision of the MSPB unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 5
 Collins challenges the factual findings, arguing that the AJ gave improper weight to the testimony of the agency representatives. We have held that credibility determinations such as this will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts. Hanratty v. Department of Transp., 819 F.2d 286, 288 (Fed.Cir.1987); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (explaining that credibility determinations are "virtually unreviewable"). In this case, moreover, Collins does not dispute that the event in question took place. Under these circumstances, there is no basis for concluding that the board's factual findings were incorrect.
 
 
 6
 Collins also challenges the demotion penalty. Collins contends that the charge of misconduct was unfair because the unwanted touching was precipitated by a "lover's quarrel" and notes that "sexual battery" was not proved. The sole charge brought by the agency, however, was conduct unbecoming a Federal employee. It is "undisputed that [Collins] grabbed [a female colleague] and put her on the table without her consent, in an angry manner and with her back against the wall." The agency considered this conduct sufficiently unbecoming for a Federal employee to warrant demotion which the board sustained because Collins "admitted the essentials of the charges [sic] against him in his oral and written responses to the deciding official and at the hearing." We cannot say that this penalty "exceeds the range of permissible punishment or is "so harsh and unconsciously disproportionate to the offense that it amounts to an abuse of discretion." Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985). Accordingly, we will not disturb the penalty imposed by the agency and sustained by the MSPB.