**Jeffrey D. SMITH, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 03–3099.

United States Court of Appeals, Federal Circuit.

Nov. 12, 2003.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Mr. Jeffrey D. Smith ("Smith") petitions for review of a final order of the Merit Systems Protection Board ("the Board"), which refused to reconsider the administrative judge's affirmance of the United States Department of the Air Force's ("the Air Force") decision to sustain Smith's removal. *Smith v. Dep't of the Air Force*, DA0752020287–I–1 (M.S.P.B. May 14, 2002) (petition for review denied Oct. 21, 2002). Because the administrative judge's decision was not arbitrary, capricious, or contrary to law, and supported by substantial evidence, we *affirm*.

## BACKGROUND

The Air Force employed Smith as an aircraft sheet metal mechanic at Tinker Air Force Base, Oklahoma. Based on a series of incidents, the Air Force removed Smith on January 16, 2002. In particular, Smith was discharged for: (1) using inappropriate language to his supervisor; (2) taking a confrontational/intimidating stance toward his supervisor; (3) being absent from the duty station without authorization; and (4) failing to cooperate with proper authorities. Applying the *Douglas* factors to determine whether Smith's dismissal promoted the efficiency of the service, the Air Force found Smith's conduct egregious and intolerable and warranting dismissal, despite Smith's good work performance over sixteen years of service.

In evaluating the dismissal, the administrative judge found that the Air Force met its burden of proof. A preponderance of the evidence supported each basis of removal. In addition, the penalty of removal was reasonable because, after consideration of the *Douglas* factors, it promoted the efficiency of the service. Moreover, the administrative judge found that the penalty was not so excessive as to be an abuse of discretion or otherwise arbitrary, capricious, or unreasonable. Consequently, the administrative judge upheld Smith's dismissal. Smith subsequently petitioned the Board for review of the administrative judge's decision. The Board denied the petition making the decision of the administrative judge the final decision of the Board. Smith timely sought review in this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review over Board decisions is limited by statute. Specifically, we must affirm a Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedure required by the law, rule, or regulation hav-

ing been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

On appeal, Smith argues that the administrative judge erred in affirming his dismissal, misapplying the law and its procedural requirements. First, Smith argues that the administrative judge's decision was not supported by substantial evidence. Second, Smith argues that the administrative judge did not follow the Supreme Court's precedent in *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 265, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975), when it failed to consider that the Air Force denied Smith's alleged request to be represented by a union representative at a disciplinary meeting. Smith devotes significant portions of his argument to the factual issue of when he asked for union representation.

Substantial evidence supports the administrative judge's conclusion as to each basis for his dismissal. As to the charge that Smith used inappropriate language and took a confrontational/intimidating stance towards his superiors, the administrative judge had substantial evidence in the form of memoranda and testimony of two of Smith's supervisors. And while Smith challenges their characterization of the events,[1] he admits that the events happened. As to the charge that Smith twice left his workstation without authorization, the record contains evidence of his absence and he also admits to their occurrence. Finally, substantial evidence also supports the administrative judge's finding that Smith failed to cooperate with proper authorities. Having left his workstation despite his supervisor's specific instruction to await permission, Smith failed to cooperate with repeated directions from security personnel directing him to return to his supervisor. Having reviewed the record evidence, we find that substantial evidence supports the administrative judge's decision affirming Smith's dismissal. As such the administrative judge's decision was not arbitrary, capricious, or an abuse of discretion; otherwise not in accordance with the law; or obtained without procedure required by the law.

With respect to the union representation issue raised by Smith on appeal, the record shows that he withdrew this defense of harmful error. Originally, in its April 24, 2002, Prehearing Conference memorandum, the administrative judge had directed Smith to specifically articulate the agency's alleged violation. In response, though, Smith filed his Withdrawal Of Appellant's Defense of Harmful Error on April 26, 2002. Consequently, the administrative judge did not consider this defense and therefore we do not address it on appeal.

## CONCLUSION

The administrative judge's decision is not arbitrary, capricious, or contrary to

---

1. In any event, the administrative judge found Smith's supervisors' version of the events more credible, and Smith's testimony unpersuasive and inconsistent. In particular, their testimony was consistent both with each other and with the memoranda they made regarding the incident, while Smith's testimony was otherwise unsupported by the record. We will not cast into doubt the administrative judge's credibility determination here. *See*

*Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed.Cir.1987) (noting that credibility determinations will not be disturbed unless " 'inherently improbable or discredited by undisputed evidence or physical fact' ") (quoting *Hagmeyer v. Dep't of Treasury*, 757 F.2d 1281, 1284 (Fed.Cir.1985)); *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986) (stating that credibility determinations are "virtually unreviewable" on appeal).

law, and is supported by substantial evidence. The final decision of the Board is, therefore, affirmed.

No costs.