NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3033

WILL B. SCOTT,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: April 7, 2006

_____

Before MAYER, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Will B. Scott ("Scott") appeals a final decision of the Merit Systems Protection Board ("Board"), Scott v. Dep't of Def., No. AT-0752-04-0737-I-1 (M.S.P.B. Sept. 8, 2005) ("Final Order"), denying Scott's petition for review of the administrative judge's ("AJ") initial decision, dismissing Scott's appeal of his removal by the Department of Defense ("agency") based on a charge of conduct unbecoming a federal employee. Scott v. Dep't of Def., No. AT-0752-04-0737-I-1 (M.S.P.B. Oct. 26, 2004) ("Initial Decision"). Because the Board's decision sustaining the charge and the removal is

supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error, we affirm.

BACKGROUND

Scott had been employed by the agency for approximately twenty-four years at the time of his removal from the position of Commissary Officer in Meridian, Mississippi. The charge against Scott was based on incidents of alleged sexual misconduct that came to light during the week of March 15, 2004.

On April 27, 2004, the agency proposed to remove Scott based on eight specifications of a charge of conduct unbecoming a federal employee. Scott denied all of the specifications. On June 22, 2004, the agency issued a letter of decision finding that Scott's removal was in order. Scott timely appealed to the Board.

After conducting a hearing, the AJ sustained seven of the eight specifications asserted by the agency and found that the penalty of removal was reasonable. Initial Decision. The AJ's decision became the final decision of the Board after the Board denied Scott's petition for review. See Final Order, slip op. at 2. Scott timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

This court must affirm an MSPB decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a

Board decision rests upon the petitioner.  Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## B. Analysis

On appeal, Scott contends that the Board's decision was incorrect for three main reasons.  First, Scott argues that the AJ mischaracterized witness testimony and failed to consider a statement from a Ms. Derusha.  Second, Scott argues that the AJ made a mistake in determining the facts.  Third, Scott argues that the Board failed to consider his 2000-2003 performance evaluations, which, he states, were outstanding and excellent.

Regarding Scott's contentions that the AJ mischaracterized witness testimony, Scott did not provide the Court with a transcript.  Thus, he may not "rely on any part of the record of the hearing" on appeal.  Gonzales v. Def. Logistics Agency, 772 F.2d 887, 891 (Fed. Cir. 1985); Fed. R. App. P. 10(b).  In the absence of the transcript, we have no basis to conclude that the AJ abused her discretion in considering witness testimony.

Scott further contends that the AJ failed to consider a statement from Ms. Derusha.  We disagree.  Ms. Derusha's statement alleges that Brandenburg stated that Scott deliberately prevented her from receiving social security disability benefits.  However, the record shows that the AJ considered Scott's argument regarding Brandenburg's motivation to "get" him.  Initial Decision, slip op. at 4 (stating that Scott argued that "Brandenburg was out to 'get' him because he did not tell an individual from the Social Security Administration that she was disabled when that individual contacted the appellant after Brandenburg filed for a disability retirement").

Regarding Scott's argument that the AJ erred in determining the facts, we conclude that substantial evidence supports the Board's decision. The AJ's determinations on the facts were based in large part on the credibility of witnesses. Because the AJ is in the best position to evaluate witness credibility, her credibility determinations are "virtually unreviewable" on appeal, see Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987). Scott's allegations of conflicting testimony and of motivation to fabricate do not meet the high burden required to disturb the AJ's credibility determinations.

Finally, we do not agree with Scott's contention that the Board failed to consider his 2000-2003 performance evaluations. While the Board did not explicitly address his performance evaluations, the Board noted Scott's "years of service and the absence of any prior discipline." Initial Decision, slip op. at 17. Notwithstanding his employment record, the Board found the penalty of removal was reasonable in view of the seriousness of the conduct. We do not discern any error in the Board's penalty determination.

For the foregoing reasons, we conclude that the Board's decision sustaining the charge of conduct unbecoming a federal employee, and affirming the penalty of removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we affirm the Board's decision.