NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3265

JANICE A. ZGONC,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: November 9, 2006

_____

Before MICHEL, Chief Judge, RADER and LINN, Circuit Judges.

PER CURIAM.

Janice A. Zgonc ("Zgonc") appeals a decision of the Merit Systems Protection Board ("Board"), adopting the determination of the administrative judge ("AJ"), which affirmed the Department of Defense's ("Agency") decision to remove Zgonc from her position of Technical Information Specialist. Zgonc v. Department of Defense, No. DC-0432-05-0740-I-1 (M.S.P.B. Nov. 3, 2005) ("Initial Decision"). The Initial Decision became the final decision of the Board when the Board denied Zgonc's petition for review. Zgonc v. Department of Defense, No. DC-0432-05-0740-I-1 (M.S.P.B. May 12, 2006). Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and is supported by substantial evidence, we affirm.

BACKGROUND

Zgonc worked as a Technical Information Specialist for the Agency's Research & Archiving Branch, Information Management Division, Joint Secretariat and was required to meet performance standards regarding productivity and error rates. On May 15, 2003, John C. Krysa ("Krysa"), the Chief of the Information Management Division, issued a memorandum, establishing that each Technical Information Specialist was to complete at least thirteen packages per day with an error rate not to exceed 0.10. In June 2004, Zgonc's performance was rated unacceptable for failing to meet those requirements. On June 29, 2004, Zgonc's supervisor, Ms. Elizabeth Burns ("Burns"), notified Zgonc that she would be placed on a Performance Improvement Plan for ninety days, during which time Zgonc and Burns met weekly to review Zgonc's performance. On October 4, 2004, after the ninety-day period, Burns proposed that Zgonc be removed from her position for unacceptable performance and, on November 13, 2004, the Agency removed Zgonc from service.

On November 5, 2004, Zgonc sought corrective action from the Office of Special Counsel, alleging that she was removed in retaliation for whistleblower disclosures. On August 18, 2005, Zgonc petitioned for review of the Agency's removal decision by the Board, asserting affirmative defenses of age discrimination and reprisal for whistleblowing activity. On November 3, 2005, after a hearing, the AJ affirmed the Agency's removal action and concluded that Zgonc failed to meet her burden of proof on the affirmative defenses. Initial Decision, slip op. at 3-11. On January 3, 2006, the Office of Special Counsel notified Zgonc that it was terminating its investigation of her complaint because "the [Board] has already adjudicated the very issues that we would

bring before it if we concluded that a prohibited personnel practice had been committed here." The Initial Decision became the final decision of the Board on May 12, 2006. Zgonc timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). The petitioner bears the burden of establishing error in the Board's decision. See Cheeseman, 791 F.2d at 140.

### B. Analysis

Zgonc argues that it was error for the Board to consider her allegations of reprisal for whistleblowing because Zgonc did not intend to plead that claim as an affirmative defense before the Board; rather, she was seeking corrective action from the Office of Special Counsel. Zgonc requests that we determine that her whistleblower claim was not properly adjudicated so that the Office of Special Counsel can proceed with its investigation of this matter.

5 U.S.C. § 1214(a) provides, in relevant part, that: (1) in an otherwise appealable action, an employee may seek corrective action from the Board for reprisal for whistleblowing without first seeking corrective action from the Office of Special Counsel;

or (2) in an action that is not otherwise appealable, an employee must first seek corrective action for reprisal for whistleblowing from the Office of Special Counsel.

Although Zgonc argues that she did not intend to plead a whistleblower claim before the Board, substantial evidence, outlined below, supports the conclusion that she placed this claim before the Board as an affirmative defense. Specifically, the record establishes that, on August 18, 2005, Zgonc asserted a whistleblower claim before the Board in an otherwise appealable action under which the Board had jurisdiction pursuant to 5 U.S.C. § 4303(e). In the section entitled "Whistleblowing Activity" on the appeal form that Zgonc filed with the Board on that date, Zgonc answered affirmatively the question asking if she had made a protected disclosure. Zgonc completed all required parts of that form to properly assert before the Board her belief that the action she was appealing was in retaliation for whistleblowing. Although Zgonc noted that the "whistle blower [sic] complaint is distinct from this complaint . . . and filing on that matter would be premature," Zgonc subsequently provided the Board with a prehearing submission, filed on October 6, 2005, reciting in detail the facts in support of her whistleblower claim. Furthermore, Zgonc repeatedly raised her whistleblower claim both at the hearing and in a memorandum to the AJ, filed after the hearing to "correct the record," asserting that the Agency had motivation for retaliation. Given this record, we hold that the Board did not err in adjudicating her whistleblower claim.

Zgonc next asserts that the Board erred in affirming the removal decision, arguing that, because she received a within grade increase on June 15, 2003 and a cash award on January 24, 2004, her work at the Agency was at an acceptable level of competence. Zgonc's general allegations that she performed at an acceptable level are

not sufficient to overcome or rebut the substantial evidence that supports the Agency's determination that she did not meet the requirement that each Technical Information Specialist was to complete at least thirteen packages per day with an error rate not to exceed 0.10. Moreover, Zgonc does not dispute that she failed to meet this requirement.

Zgonc also argues that the Board erred in affirming the removal decision because the Agency erroneously relied upon undocumented errors, putting Zgonc in the position of not knowing what kind of errors were relied upon in support of the removal decision. In addressing this argument, the Board credited the Agency's testimony that "while some of the errors could not be demonstrated on the review sheets every one was discussed in [the] weekly meetings [between Zgonc and Burns]." Initial Decision, slip op. at 6. Because the administrative judge is in the best position to evaluate credibility, her credibility determinations are "virtually unreviewable" on appeal, see Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987). Zgonc's allegations that certain unspecified errors were improperly relied upon by the Agency merely because they were not demonstrated on the review sheets do not meet the high burden required to disturb the administrative judge's credibility determinations that those errors were sufficiently discussed with Zgonc to put her on notice. Based upon this credibility determination, we see no error with the Board's finding that the Agency properly informed Zgonc of her performance errors and properly considered those errors in calculating Zgonc's error rate. Initial Decision, slip op. at 6.

Finally, Zgonc argues that the AJ committed procedural error by allowing the government to file a brief out of time, that the AJ denied her right to a hearing, and that the AJ failed to recuse herself. These arguments relate to a separate case that is pending before the Board and are not properly before us for review. We have considered Zgonc's remaining arguments and find them to be without merit.

CONCLUSION

For the foregoing reasons, we conclude that the Board's decision affirming the penalty of removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we affirm the Board's decision.