Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3014

PATRICK N. SWEENEY,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Patrick N. Sweeney, of Spring, Texas, pro se.

Joan M. Stentiford, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3014

PATRICK N. SWEENEY,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: May 14, 2007
_____

Before NEWMAN, LOURIE, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Patrick N. Sweeney ("Sweeney") appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming the decision of the U.S. Department of Homeland Security to suspend him from his position as special agent for thirty days due to his failure to follow instructions and his failure to properly secure evidence. <u>Sweeney v. Dep't of Homeland Sec.</u>, DA-0752-05-0534-1-2 (M.S.P.B. Aug. 29, 2006) ("<u>Final Decision</u>"). We <u>affirm</u>.

## BACKGROUND

Sweeney was employed as a senior special agent for the Immigration and Customs Enforcement, an agency within the U.S. Department of Homeland Security

("DHS") ("agency"). On January 13, 2005, the Assistant Special Agent in Charge, Gene D. Lowery, proposed Sweeney's removal on two charges: first, failure to follow instructions on numerous occasions; and second, failure to properly secure evidence. On June 30, 2005, the agency sustained both charges, and imposed a lesser penalty of a thirty-day suspension without pay, effective July 5, 2005. Those charges arose from certain instances involving Sweeney's unauthorized interaction with a confidential informant ("CI"), a moiety claim[1] that Sweeney was instructed to complete but did not, and certain evidence relating to a child pornography investigation that was left unsecured in Sweeney's desk.

Special agents are required to abide by certain rules as set forth in the Special Agents Handbook. Chapter 41 of the Handbook states that "controlling agents will not meet or debrief informants without another law enforcement officer in attendance unless they obtain supervisory approval." Sweeney v. Dep't of Homeland Sec., DA-0752-05-0534-1-2, slip op. at 2 (M.S.P.B. May 5, 2006). On February 17, 2004, however, Sweeney met with a CI involved in a particular case, alone and without the permission of his supervisors. Id., slip op. at 2-3.

On March 22, 2004, Sweeney received specific instructions from his supervisor to refrain from having any contact with the aforementioned CI. Id. at 3. However, on April 6, 2004, Sweeney disregarded that instruction and met with the CI in the parking lot of the DHS building. Id. at 3-4. After Sweeney's supervisor, Jeffrey S. Coffman, witnessed Sweeney's meeting with the CI, Coffman telephoned Sweeney and ordered him to immediately report to his office. Although Sweeney agreed to follow that order,

---

[1] A moiety claim refers to payments that the DHS provides to confidential

he proceeded to walk away from the DHS building and continue his conversation with the CI. Additionally, on two separate occasions, April 5, 2004 and May 17, 2004, Sweeney had telephone conversations with the CI, notwithstanding the order instructing him not to.

As to the incident concerning the moiety claim, Sweeney was instructed to complete the claim in February 2004. After failing to prepare it, Sweeney received additional instructions to complete the claim by the close of business on March 26, 2004. Sweeney failed to meet that deadline, and Coffman was required to assign the claim to another employee who ultimately prepared the claim.

Regarding the incident involving the unsecured evidence, the agency requires its employees to follow specific procedures designed to protect the chain of custody of evidence. On March 26, 2004, Sweeney left two compact discs containing evidence relating to a child pornography investigation in an unsecured drawer of his desk, which violated those procedures. Coffman discovered the discs and confirmed with the Forensic Computer Special Agent that the discs contained images of child pornography. On March 29, 2004, Coffman prepared a memorandum detailing his findings.

Based on those events, the agency filed the aforementioned charges against Sweeney. After the agency sustained the charges and imposed a thirty-day suspension, Sweeney appealed the agency's decision to the Board. Sweeney admitted that he met with the CI and spoke to him on the telephone in direct contravention of his orders. Sweeney argued, however, that he believed he had permission from another supervisor to meet with the CI and that there was nothing wrong with speaking to him

informants who provide an agency with evidence or information. Resp't Br. at 9.

over the phone because he was helping him with a "customs" matter. In addition, Sweeney asserted that he was unaware of deadlines concerning the moiety claim, and was also unaware that the discs that were found in his desk contained child pornography. In addition, Sweeney raised certain affirmative defenses.

On May 5, 2006, Administrative Judge ("AJ") sustained the agency's charges and the penalty of a thirty-day suspension. The AJ determined that the DHS had established by preponderant evidence that Sweeney repeatedly failed to follow instructions and failed to properly secure evidence. Id. at 2-10. In reaching that determination, the AJ found Sweeney to be less credible than the agency's witnesses and found that Sweeney had not provided any evidence to corroborate his assertions. Id. at 3, 5, 8, 10. In addition, the AJ rejected Sweeney's affirmative defenses. In particular, the AJ found that Sweeney failed to prove that the action by the agency was taken in retaliation for purported whistleblowing activities and that the agency committed harmful error. Lastly, the AJ concluded that the penalty imposed by the agency was reasonable and promoted the efficiency of service. Id. at 15.

Sweeney sought review by the full Board, the Board denied his petition, and the AJ's decision accordingly became the final decision of the Board. See 5 C.F.R. § 1201.113(b) (2006). Sweeney timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We review without deference the Board's legal conclusion on a question of jurisdiction. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

On appeal, Sweeney argues that the AJ committed multiple errors, including exhibiting bias and prejudice during the proceedings and failing to make proper factual and legal determinations. Sweeney further asserts that the Board ignored clear error and new evidence in denying his petition for review. The government responds that substantial evidence supports the Board's decision, that Sweeney's challenges to the AJ's credibility determinations are not reviewable by this court, and that Sweeney's remaining contentions are unsupported and without merit.

We agree with the government that the Board properly sustained both charges. The AJ's conclusion that Sweeney failed to follow instructions was supported by substantial evidence. As for the first charge, the record shows that Sweeney admitted that he failed to follow instructions by speaking to the CI alone and not completing the moiety claim. The AJ credited the testimony of several agency witnesses, including Coffman and David R. Quiles, the Assistant Special Agent in Charge. Both witnesses testified that Sweeney continued to carry on a conversation with the CI in the parking lot and spoke to the CI over the telephone, despite receiving instructions to the contrary. With regard to the moiety claim, the AJ again credited the testimony of Coffman, as well as the agent who was later assigned the moiety claim. Both testified that Sweeney failed to meet the deadline for completing the moiety claim. As for the second charge of

failing to properly secure evidence, the AJ's determination that Sweeney left evidence in his desk, in a manner that was contrary to the agency's procedures and guidelines, was supported by Coffman's testimony. In addition, we find that substantial evidence exists in the record to support the AJ's determinations concerning Sweeney's affirmative defenses.

Moreover, in assigning error to the AJ's factual determinations, Sweeney essentially challenges the credibility determinations made by the AJ. Because the AJ is in the best position to evaluate credibility, his credibility determinations are "virtually unreviewable" on appeal, see Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987). Sweeney has not met that high burden to disturb the AJ's credibility determinations. Accordingly, we find no basis to disturb the AJ's determination that Sweeney failed to follow instructions and failed to properly secure evidence.

In addition, we find Sweeney's argument that the AJ exhibited bias and prejudice equally unpersuasive. In support of his argument, Sweeney alleges that the AJ was biased based on his failure to inquire about "witness tampering." According to Sweeney, the government's counsel "tampered" with a potential witness and, because of that, he did not call that witness to corroborate his testimony. That argument, however, was not raised below, and thus will not be considered on appeal. Wallace v. Dep't of the Air Force, 879 F.2d 829, 832 (Fed. Cir. 1989) ("[o]rdinarily, appellate courts refuse to consider issues not raised before an administrative agency). Even if it were

properly before us, however, that assertion is unsupported by the record. Thus, contrary to Sweeney's assertion that the AJ exhibited bias through "extrajudicial conduct rather than any acceptable legitimate conduct," the AJ considered and weighed the evidence of record and explained his reasoning in a thorough and detailed opinion.

Lastly, we disagree with Sweeney's contention that the Board erred in denying his petition for review. Sweeney argues that the Board failed to consider "significant new evidence, error, bias, and non-judicial criminal acts by [the] AJ." With regard to allegations of wrongdoing by the AJ, those contentions have already been rejected. As for purported new evidence, Sweeney refers to certain memoranda that are only tangentially related, if related at all, to the specific charges at issue. Although not entirely clear, Sweeney appears to rely on certain documents that concern a separate matter—namely, the revocation of Sweeney's authority to carry a firearm. We therefore find that the Board correctly determined that Sweeney failed to present "significant new evidence" to warrant reconsideration of the AJ's initial decision. Final Decision, slip op. at 1. As such, this argument likewise fails.

We have considered the numerous remaining arguments Sweeney raised in his brief and found none that justify a reversal. Accordingly, we conclude that the Board did not err in affirming his suspension. Because the Board's decision was supported by substantial evidence and not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.