NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3326

MARK J. DOYLE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Christopher D. Vaughn, Melville Johnson, P.C., of Atlanta, Georgia, for petitioner.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3326

MARK J. DOYLE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752060158-I-1.

_____

DECIDED:    May 12, 2008

_____

Before LOURIE, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Mark J. Doyle challenges the decision of the Merit Systems Protection Board ("Board") affirming a decision of the Department of the Army ("agency") to remove petitioner from his position.   Because we conclude that petitioner's challenges to the credibility findings made by the Administrative Judge ("AJ") and adopted by the Board, and to the Board's review of the agency's selection of a penalty, are without merit, we affirm the Board's determination.

## BACKGROUND

Petitioner was a civilian aircraft pilot employed by the agency at the Communications-Electronics Research, Development and Engineering Center Flight Activity in Lakehurst, New Jersey.  Petitioner was assigned as a pilot in command on a planned thirty-nine day mission, which began on June 13, 2005, to fly an aircraft from

Arizona to a military base in Apiay, Colombia and to conduct testing of a new foliage-penetrating radar system. Brian E. Trainor, a major in the New Mexico Air National Guard, was assigned as petitioner's co-pilot for the flight to Colombia, and two other personnel, Thomas L. Boutwell and Michael Morris, were also assigned to the mission. En route to Apiay, the crew stopped overnight in New Orleans, Louisiana; stopped for several nights at Boca Chica Airbase in Key West, Florida; landed to refuel in the Cayman Islands; and stopped overnight in Barranquilla, Colombia, and briefly in Bogota, Colombia. On approximately June 21, 2005, after flying the aircraft to Apiay as planned, petitioner was relieved of his duties based on alleged misconduct.

On August 19, 2005, petitioner was issued a notice of proposed removal alleging three charges: "1) discourtesy; 2) careless or reckless operation of an aircraft, contrary to FAA regulation § 91.13, endangering personnel and property; and 3) failure to follow orders where safety of persons or property is endangered." Doyle v. Dep't of the Army, No. PH-0752-06-0158-I-1, slip op. at 2 (M.S.P.B. Feb. 15, 2007) ("Initial Decision"). The first charge contained three specifications, alleging that petitioner was rude to Trainor during a cab ride to the airport in New Orleans and alleging that on two occasions petitioner was rude to Major Kodjo Knox-Limbacker, the overall commander of the operation, during briefings in Apiay.

The second charge contained four specifications all relating to unsafe operation of the aircraft and specifically alleging that petitioner: (1) failed to follow air traffic control directions while departing from Lakefront Airport in New Orleans; (2) recklessly flew through a storm on his approach to Boca Chica in Key West, Florida; (3) failed to follow reasonable safety procedures on his approach to Barranquilla, Colombia; and (4) flew

2007-3326                                    2

directly toward dangerous mountain terrain in icing conditions after he should have known to turn back, during a validation flight from Apiay, Colombia.

The third charge contained three specifications, alleging that petitioner:  (1) failed to obtain required permission to enter and leave the restricted military section of the Barranquilla airport; (2) directly disobeyed air traffic control directions during an approach to Apiay, Colombia; and (3) failed to follow instructions to turn over his weapon for secure storage during his stay in Apiay, Colombia.

On November 18, 2005, the agency sustained the charges and determined that removal was the appropriate penalty.  Petitioner appealed his removal to the Board. The AJ held a hearing and subsequently issued an initial decision sustaining all three charges, but did not sustain specifications 1 and 2 of charge 2.  The AJ sustained the penalty of removal.  The AJ found that Trainor's testimony at the hearing was more credible than petitioner's version of the events, based on, among other things, Trainor's demeanor and the corroboration of many aspects of Trainor's testimony by other witnesses.  Petitioner filed a petition for review with the full Board, and the Board denied the petition for review.

Petitioner timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Petitioner raises two arguments on appeal.  First, petitioner argues that the AJ erred by crediting Trainor's testimony over petitioner's own contradictory testimony.  An AJ's credibility determinations, particularly when based in part on the demeanor of witnesses, are "virtually unreviewable" by this court.  Chambers v. Dep't of Interior, 515

F.3d 1362, 1370 (Fed. Cir. 2008); <u>Hambsch v. Dep't of Treasury</u>, 796 F.2d 430, 436 (Fed. Cir. 1986). Applying this standard, we will not overturn credibility determinations unless the testimony credited by the AJ is "inherently improbable or discredited by undisputed evidence or physical fact." <u>Hanratty v. Dep't of Transp.</u>, 819 F.2d 286, 288 (Fed. Cir. 1987) (quoting <u>Hagmeyer v. Dep't of Treasury</u>, 757 F.2d 1281, 1284 (Fed. Cir. 1985)). Petitioner's attacks on the AJ's credibility findings in this case fall well short of satisfying this standard.

Second, petitioner argues that the Board failed to consider possible "undiagnosed medical issues," Br. of Pet'r at 19, particularly a lack of "mental stability and personality problems," Reply Br. of Pet'r at 8, as a mitigating factor in determining whether the penalty of removal was appropriate. Petitioner has not shown that he argued before the Board that any past medical problems should mitigate the penalty. Accordingly, petitioner has failed to show that this issue was preserved.

## CONCLUSION

For the reasons set forth above, the determination of the Board is <u>affirmed</u>.

## COSTS

No costs.