NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3126

JAN B. NANCE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Thomas F. Muther, Jr., Minahan and Muther, PC, of Lakewood, Colorado, for petitioner.

Hillary A. Stern, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel was Bryant G. Snee, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3126

JAN B. NANCE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0752070315-I-1.

_____

DECIDED:  November 5, 2008

_____

Before NEWMAN, PLAGER and GAJARSA Circuit Judges.

PER CURIAM.

Mr. Jan B. Nance seeks review of the decision of the Merit Systems Protection Board affirming his removal from employment by the Department of Homeland Security, based on the charges of being less than candid (1) when completing a standard form SF-86 and (2) during the course of an official investigation.  Nance v. Dep't of Homeland Security, DE0752070315-I-1 (M.S.P.B. Dec. 14, 2007).  Mr. Nance states that the Board overlooked certain factual and evidentiary issues and committed harmful procedural error, and that the

totality of the evidence does not support the removal action. On review of the issues and arguments, we affirm the Board's decision.

BACKGROUND

Mr. Nance was employed as a Screening Manager of the Transportation Security Administration (TSA), Department of Homeland Security in Denver, Colorado. On the first day of work, October 7, 2002, Mr. Nance filled out a standard form SF-86 entitled "Questionnaire for National Security Positions" as part of the employment requirement. The record contains a copy of the questionnaire having Mr. Nance's signature followed by two dates: October 7, 2002 and April 24, 2003, as shown below.

The parties do not dispute that on April 24, 2003, a TSA suitability investigator met with Mr. Nance to review and update his SF-86 in order to obtain a security clearance.

On February 1, 2007 a TSA representative interviewed Mr. Nance based on certain inconsistencies between Mr. Nance's SF-86 and a resume submitted to the agency in 2004 in applying for an internal promotion. Specifically, the TSA representative pointed out to Mr. Nance that unlike his resume, his SF-86 does not list his employment at the Arapahoe County Sheriff's Department (ACSD) from January 1988 to April 1996. On the same day, Mr. Nance submitted to TSA a written declaration "under penalty of perjury" stating that he failed to include his prior employment with the ACSD on his SF-86 and that the omission was "due to an oversight on my part." Mr. Nance further declared that he had received a

"reassignment" at the ACDS, and "while not technically a disciplinary action, it has negative career implications. No other disciplinary actions."

Upon subsequent investigation, TSA learned that Mr. Nance had received the following disciplinary actions during his employment at the ACSD: a letter of counseling in 1988; a second letter of counseling in 1993; a letter of reprimand in 1993; a 30-hour pay reduction in 1994; a second letter of reprimand in 1995; a 30-hour suspension without pay in 1995; and an 80-hour suspension without pay and placement on probationary status and close supervision for a period of one year in 1996. Mr. Nance does not dispute that he received these disciplinary actions.

On February 22, 2007 TSA issued Mr. Nance a notice of proposed removal based on two charges: (1) being less than candid when completing the standard form SF-86, and (2) being less than candid during the course of an official investigation. TSA charged that when completing the SF-86, Mr. Nance was less than candid not only for failure to list all employment activities and employment-related disciplinary history in the requisite time period but also for stating his answers to the questionnaire as true and complete. TSA also charged that during the February 1, 2007 investigation, Mr. Nance was less than candid for failure to disclose his disciplinary record at the ACSD which included two counselings, two letters of reprimand, and three suspensions. Mr. Nance was removed in April 2007.

Mr. Nance appealed the removal action to the Merit Systems Protection Board, stating that TSA has not proven the two charges by a preponderance of evidence and that the penalty of removal is unreasonable. Mr. Nance argued that he actually filled out the SF-86 in the record on April 24, 2003 but backdated it to October 7, 2002 at TSA's request; and as a result, his employment with ACSD falls outside of the seven-year period from April

2008-3126                                              3

2003.  The Administrative Judge (AJ) affirmed the removal, finding that Mr. Nance's testimony that he backdated the SF-86 in April 2003 incredible.  The AJ also found that Mr. Nance's employment with the ACSD ending in April 1996 is within seven years of April 2003 (and October 2002).  The full Board denied review, and this appeal followed.

DISCUSSION

A decision of the Board is reviewed to determine whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. §7703(c); see Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Nance does not dispute TSA's charge that he was less than candid during the February 1, 2007 investigation for failure to disclose his disciplinary record at the ACSD. Mr. Nance instead repeats his argument that the removal must be reversed because TSA could not produce the original SF-86 that he filled out on October 7, 2002.  Mr. Nance argues that because TSA had misplaced his original SF-86 form, he was instructed by the agency to fill out a new form on April 24, 2003 and to backdate it to October 7, 2002.  Mr. Nance argues that as of April 2003, his employment with ACSD which ended in April 1996 was outside of the seven-year window required by the SF-86 form and thus unnecessary to report.

The AJ did not find Mr. Nance's statement credible that he completed the SF-86 in the record on April 24, 2003 and backdated it to October 2, 2002.  This court gives great deference to credibility determinations.  Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).  Credibility determinations will not be disturbed unless "inherently

improbable or discredited by undisputed evidence or physical fact." <u>Hanratty v. Dep't of Transportation</u>, 819 F.2d 286, 288 (Fed.Cir.1987). This case presents none of these circumstances and we find no other basis in the record to justify disturbing the AJ's credibility determinations.

Mr. Nance also argues that TSA policy requires that "if the employee is being questioned as the subject of an investigation that could result in criminal prosecution, the employee shall be advised of this fact and his/her rights against self-incrimination." Mr. Nance argues that the agency committed procedural error for failure to put him on notice against self-incrimination. This argument is without merit, for removal is not a criminal prosecution.

We conclude that error has not been shown in the Board's ruling sustaining the removal. That ruling is affirmed.

No costs.