NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3360

BILLY R. FORTSON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Billy R. Fortson, of Kannapolis, North Carolina, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3360

BILLY R. FORTSON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080181-I-1.

_____

DECIDED:    February 6, 2009
_____

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

Billy R. Fortson appeals the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.  See Fortson v. Dep't of Veterans Affairs, No. DC-0752-08-0181-I-1 (July 30, 2008).  We affirm.

Fortson was employed as a nursing assistant by the Department of Veterans Affairs ("VA").  In September 2006, he entered into a Last Chance Agreement ("LCA") with the agency, under which he agreed to "maintain satisfactory attendance, conduct, performance and working habits" and to waive his right to appeal any future removal

action. For its part, the VA agreed to hold its decision to remove Fortson "in abeyance" while the LCA was in effect.

In March 2007, the VA notified Fortson of its decision to remove him for breaching the LCA by treating a veteran patient roughly when showering him and by speaking harshly to him. Fortson subsequently appealed to the board, but his appeal was dismissed for lack of jurisdiction. He then timely appealed to this court.

The scope of our review of an appeal from a board decision is limited. We must affirm such a decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

An employee who waives his appeal rights as a condition of an LCA may appeal to the board if he makes a non-frivolous allegation that he did not enter into the agreement voluntarily or that he did not violate its provisions. See Stewart v. United States Postal Serv., 926 F.2d 1146, 114849 (Fed. Cir. 1991); McCall v. United States Postal Serv., 839 F.2d 664, 667-68 (Fed. Cir. 1988). Here, the record establishes that Fortson entered into the LCA voluntarily and that he breached the agreement by his mistreatment of a veteran patient. The VA presented testimony from three employees to support its allegation that Fortson had "roughed up" a patient while showering him on February 12, 2007. Although Fortson contends that the incident in question never occurred, the board did not find his testimony credible.

This court will not set aside credibility determinations made by the board unless they are "inherently improbable or discredited by undisputed evidence or physical fact*." Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed. Cir. 1987) (citation and internal quotation marks omitted). Fortson fails to establish that the board erred when it concluded that his uncorroborated and self-serving testimony was not credible. See Hubbard v. United States, 480 F.3d 1327, 1332 (Fed. Cir. 2007) (A reviewing court should not "second guess" the credibility determinations made by a trial court.); Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal.").

We have considered Fortson's remaining arguments but find them unpersuasive. Accordingly, the board's decision dismissing his appeal for lack of jurisdiction is affirmed.